IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRENDA PASCHALL,               )
                               )
         Plaintiff,            )
                               )
v.                             )    No. 04-1153-T-An
                               )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
         Defendant.            )

## ORDER REVERSING DECISION OF COMMISSIONER AND AWARDING BENEFITS

Plaintiff Brenda Paschall has filed this action to obtain judicial review of Defendant Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income under the Social Security Act ("Act"). The parties agree that this case has had a "long, convoluted history," involving three hearings before an administrative law judge ("ALJ"), a remand by the Appeals Council, and a remand by this court for additional testimony pursuant to sentence four of 42 U.S.C. § 405(g). A hearing before an ALJ was held on October 17, 2002, pursuant to the remand order.

On January 24, 2003, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The appeals council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff has filed this action, requesting reversal of the

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 4/25/05

24

Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is REVERSED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); Drummond v. Commissioner, 126 F.3d 837, 840 (6th Cir. 1997), and whether the correct legal standards were applied. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986). When the record contains substantial evidence to support the Commissioner's decision, the decision must be affirmed. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

A substantiality of evidence standard, however, does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a

2

whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotes and citations omitted). If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. Faucher v. Secretary of Health and Human Servs., 17 F.3d 171, 176 (6th Cir. 1994).

In the present case, Plaintiff was born in January 1952. She has a tenth grade education. Her current applications were filed in January 1995 and November 1998. Prior to the alleged onset date of her disability, Plaintiff worked as a cashier/clerk in a video store.[1] Plaintiff alleges that her disability is due to pain and dysfunction in the non-dominant left upper extremity, back pain, right foot pain, knee pain, and mental functional limitations.

In his decision, the ALJ enumerated the following findings: (1) Plaintiff has not engaged in substantial gainful activity since January 26, 1995; (2) Plaintiff has severe impairments including reflux sympathetic dystrophy in the non-dominant left upper extremity, lumbar spinal disc disease/arthritis, and a bipolar disorder; (3) Plaintiff's impairment or combination of impairments do not meet or equal in severity any impairment listed in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff's subjective complaints,

---

[1] A cashier/clerk position requires light exertion and is considered to be semi-skilled with no transferable work skills. R. at 772.

including pain, are not credible; (5) Plaintiff retains the residual functional capacity to perform a wide range of light work that does not require her to lift/carry more than twenty pounds occasionally or ten pounds frequently, or to more than occasionally engage in postural activities such as climbing or stooping, with no significant limitations in her capacities for standing/walking or sitting, but with limited ability to handle and finger with the non-dominant left hand, and with further nonexertional mental functional limitations equating to no more than moderate limitations in social interactions and in maintenance of concentration; (6) Plaintiff is able to perform her past relevant work; (7) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision, 20 C.F.R. §§ 404.1520(f) and 416.920(f).

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that she is disabled from engaging in her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

4

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Wyatt v. Secretary, 974 F.2d 680, 683-84 (6th Cir. 1992). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fourth step. The ALJ found that Plaintiff could perform her past relevant work as a cashier/clerk.

Plaintiff argues that the Commissioner erred in denying her application for benefits by not giving proper weight to testimony of her treating physician and in finding that Plaintiff's testimony was not credible regarding her subjective complaints. Because these two arguments are interrelated, the court will consider them together.

A plaintiff's statement, taken alone, will not establish that she is disabled; instead, there must be objective medical findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain alleged. C.F.R. § 404,1529(a). Duncan v. Secretary of Health & Human Servs., 801 F.2d 847 (6th Cir. 1986), established a two-part test for determining whether a plaintiff suffers from disabling pain. First, the

5

court must determine whether objective medical evidence of an underlying medical condition exists. If it does, then the court must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Id. at 853.

When allegations of pain are at issue, credibility is crucial, and the ALJ's opportunity to observe the demeanor of the plaintiff is invaluable and should not be lightly disregarded. Villarreal v. Secretary of Health & Human Servs., 818 F.2d 461,463 (6th Cir. 1987). However, an ALJ's credibility finding is not supported by substantial evidence when the plaintiff's testimony is consistent with uncontradicted medical evidence. Cohen v. Secretary of Health & Human Servs., 964 F.2d 524, 529 (1992).

The ALJ discounted Plaintiff's statements concerning her impairments and their impact on her ability to work on the ground that her complaints were "not reasonably corroborated by the weight of the medical evidence." R. at 773. In reaching this decision the ALJ relied, in part, on Plaintiff's daily activities which include "occasional driving" and "carrying out household chores, such as laundry, and hobby activities including extensive reading." Id. Additionally, the ALJ noted that Plaintiff sought treatment for left wrist pain after lifting some boxes. R. at 772. According to the Commissioner, these "activities are inconsistent with an inability to perform all work." Comm's Br. At p. 8.

6

An ALJ may consider household and social activities in evaluating complaints of disabling pain. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 (6th Cir. 1986). However, an ALJ may not rely on minimal daily activities as substantial evidence that a plaintiff does not suffer disabling pain. See Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir.1993). Accord McCarty v. Barnhart, 2004 WL 60286 (7th Cir.) ("minimal activities" such as household chores, driving, attending church, sewing, and using a computer "are not sufficient to contradict subjective complaints of disabling pain"); Clifford v. Apfel, 227 F.3d 863 (7th Cir.2000) (rejecting ALJ's reliance on plaintiff's ability to go grocery shopping about three times a month and sometimes carry groceries from the car to the apartment); Davis v. Callahan, 125 F.3d 670 (8th Cir. 1997) ("[T]he fact that Davis could perform a few light household chores does not constitute substantial evidence that Davis possessed the functional capacity to perform her past relevant work."); Baumgarten v. Chater, 75 F.3d 366 (8th Cir.1996) ("We have repeatedly held ... that the 'ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work.'"); Brennan-Kenyon v. Barnhart, 252 F. Supp.2d 681 (N.D. Ill.2003) (rejecting ALJ's credibility determination where, although plaintiff could cook, do light household chores and shop, she otherwise stayed at home, because plaintiff's activities were fairly restricted and not the kind of activities that necessarily undermine or contradict a claim of disabling impairments).

In the present case, the activities mentioned by the ALJ require little movement and do not appear inconsistent with Plaintiff's asserted level of pain. Plaintiff's reading, occasional driving, and performing modest household chores over brief periods of time do not equate to an ability to perform the requirements of full-time employment. See Polidoro v. Apfel, 1999 WL 203350 (S.D.N.Y.) ("A claimant's participation in the activities of daily living will not rebut his or her subjective statements of pain or impairment unless there is proof that the claimant engaged in those activities for sustained periods of time comparable to those required to hold a sedentary job.") Moreover, that fact that Plaintiff incurred wrist pain after lifting boxes gives credence to her credibility rather than undermining it.

Nothing in the medical reports contradicts the testimony of Plaintiff. Instead, Plaintiff's allegations of pain are supported by the objective medical evidence in the record. Euegne Regen, M.D., the ALJ's medical expert who testified at the hearing, responded to the question of whether Plaintiff's impairments were "of a nature that are likely to produce pain" as follows:

> When they are - at least those with the exception of the RSD [reflex sympathetic dystrophy], when they are acute, then yes, they could and would be painful. But with the appropriate, generally conservative, measures they tend to be relieved so those would be sort of short-term spikes in the awareness of discomfort. **The reflex dystrophy, on the other hand, can be – even a rest, can produce burning dyshtesias (phonetic) and the joint stiffness can be a significant nuisance, even at rest.** So with that exception, most of these other things are going to be relatively short-lived and appropriately dealt with.

R. at 1432-33 (emphasis added).

8

Plaintiff's subjective complaints are also supported by the testimony of her treating physician. See King v. Heckler, 742 F.2d 968 (6th Cir.1984) ( In determining whether a plaintiff is disabled, medical opinions and diagnoses of treating physicians are entitled to great weight, and if uncontradicted, are entitled to complete deference.) Plaintiff has been treated by Laxmaiah Manchikanti, M.D., for reflex sympathetic dystrophy[2] for a number of years. On June 11, 1999, Dr. Manchikanti opined that Plaintiff was precluded from lifting/carrying more than ten pounds, was limited to standing/walking and sitting no more than four hours out of an eight hour day, with a need to change position every five to fifteen minutes, was unable to twist, and needed to lie down every two hours. R. at 774. He also opined that any attempt to work would be interrupted by three health-related absences a month. Id.

The ALJ rejected this opinion, in part, because Dr. Manchikanti had given opinions on June 24, 1996, and February 10, 1997, that were less restrictive than the June 11, 1999, opinion. R. at 775. However, it appears reasonable that Plaintiff's condition would have deteriorated in the span of three years.

The ALJ also noted that Dr. Manchikanti's 1999 report conflicted in part with the opinion of the medical expert, Dr. Regen. This reasoning is somewhat disingenuous in that Dr. Regen's opinion was <u>more</u> restrictive in parts than Dr. Manchikanti's opinion. The ALJ

---

[2] Reflex sympathetic dystrophy is defined by "a series of changes caused by the sympathetic nervous system, marked by pallor or rubor, pain, sweating, edema, or osteoporosis, following muscle sprain, bone fracture, or injury to nerves or blood vessels." Dorland's *Illustrated Medical Dictionary* 560 (29th ed. 2000). It is associated with diffuse persistent pain usually in an extremity often attendant with vasomotor disturbances, trophic changes, and limitation or immobility of joints. Stedmans's *Medical Dictionary* 537 (26th ed.1995).

9

then rejected the opinion of Dr. Regen and, instead, relied on that of Grafton Thurmon, M.D., who was merely a consultant physician who saw Plaintiff one time. R. at 775. According to the ALJ, Dr. Thurmon's opinion was supported by the non-examining medical consultants. Id. Thus, the ALJ used Dr. Regen's opinion to discount Dr. Manchikanti's opinion but then discounted Dr. Regen's opinion. The ALJ failed to give the proper amount of deference to the opinion of Plaintiff's treating physician, Dr. Manchikanti, by using this circuitous reasoning.

Plaintiff's family physician, James McGee, M.D., of the Jackson Clinic also corroborates Plaintiff's complaints of severe anxiety and depression, reflux, and osteoarthritis. R. at 1245-71; 988-1034). Dr. McGee noted that Plaintiff was being treated for her reflex symptomatic dystrophy syndrome by another physician. Id. Thus, the failure of Dr. McGee to treat Plaintiff for this syndrome is of no consequence.

The ALJ failed to articulate sufficient reasons for rejecting the opinions of Dr. Manchikanti and Dr. Regen. Therefore, substantial evidence does not support the decision of the Commissioner, and that decision must be reversed.

Having determined that the decision of the ALJ must be reversed, the court must decide whether the matter should be remanded to the Commissioner for further consideration or whether a remand for an award of benefits in warranted.

> If a Court determines that substantial evidence does not support the Secretary's decision, the Court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.

Faucher v. Sec'y of Health and Human Servs., 17 F.3d 171, 176 (6th Cir.1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id.

Here, the court finds that all material fact issues have been addressed and resolved, and there is no need for additional evidence. The proof of Plaintiff's disability is "strong and evidence to the contrary is lacking." The medical reports of Dr. Manchikanti and the testimony at the hearing of Dr. Regen that Plaintiff was limited to sedentary work, which precluded her prior work as a video clerk/cashier constitute objective medical evidence to support the existence of an underlying medical condition which confirms the severity Plaintiff's allegations of pain or a condition that could reasonably be expected to cause pain of the severity alleged.[3] See Duncan, 801 F.2d at 853. Therefore, there is an adequate record to support the immediate award of benefits to Plaintiff.

Because there is not substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is REVERSED. Because the record establishes that Plaintiff is entitled to benefits without additional factfinding, the action is REMANDED to the Commissioner for an award of

---

[3] Even the state agency reviewing physicians noted that Plaintiff had significant difficulty using her upper extremity. R. at 226, 242, 1235, 1288. Additionally, the state agency vocational specialists opined that Plaintiff could not return to her former work. R. at 1146, 1153, 232.

benefits. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

                                                   */s/ James D. Todd*
                                                   JAMES D. TODD
                                                   UNITED STATES DISTRICT JUDGE

                                                 20 April 2005
                                                 DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 1:04-CV-01153 was distributed by fax, mail, or direct printing on April 25, 2005 to the parties listed.

Roger Stanfield
LAW OFFICE OF ROGER STANFIELD
P.O. Box 3338
Jackson, TN 38303--333

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT