# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

FILED BY _____ ____ D.C.

05 AUG 12 PM 3: 29

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, JACKSON

| | | |
|---|---|---|
| BRENDA GREEN PASCHALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1153-T/An |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES

The plaintiff, Brenda Green Paschall, filed this action to obtain judicial review of the Commissioner's final decision denying her applications for disability benefits under the Social Security Act.   On April 20, 2005, the Court entered an order reversing the Commissioner's decision and awarding benefits.  Plaintiff has now filed a motion for an award of attorney fees in the amount of $3,662.50, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  The Commissioner responded and does not object to the requested award.

Under the EAJA, the Court shall:

award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  8/15/05

30

28 U.S.C. § 2412(d)(1)(A). A social security plaintiff who obtains a reversal with an award of benefits clearly is a prevailing party. Cf. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993) (holding that a claimant who obtains a sentence-four remand is a "prevailing party" even if benefits were not awarded). Thus, plaintiff is entitled to attorney fees and expenses if the position of the Commissioner was not substantially justified.

The Commissioner has the burden of proving that her position was substantially justified under the EAJA. See London v. Halter, 203 F. Supp. 2d 367, 373 (E.D. Tenn. 2001). In this case, by acquiescing in an award of attorney fees, the Commissioner has conceded that her position was not substantially justified. The Court also concludes that there are no special circumstances that would make an award unjust. Consequently, plaintiff is entitled to an award of attorney fees.

Plaintiff's counsel has submitted an affidavit stating that he expended 29.3 hours on this case, at the statutory rate of $125 per hour, for a total of $3,662.50 in attorney fees. The Court finds that the number of hours expended and the statutory hourly rate are reasonable. Therefore, plaintiff's motion for an award of attorney fees is GRANTED. Attorney fees in the amount of $3,662.50 are hereby awarded under the EAJA, to be paid directly to plaintiff's counsel.

IT IS SO ORDERED.

James D. Todd

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

DATE 12 August 2005

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in
case 1:04-CV-01153 was distributed by fax, mail, or direct printing on
August 15, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Roger Stanfield
LAW OFFICE OF ROGER STANFIELD
P.O. Box 3338
Jackson, TN 38303--333

Honorable James Todd
US DISTRICT COURT